UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DONNA L. FOUCHT,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-364

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court on Plaintiff's Statement of Errors (doc. 13), the Commissioner's memorandum in opposition (doc. 16), Plaintiff's reply (doc. 17), the administrative record (doc. 9),[1] and the record as a whole.

**I.**

**A.    Procedural History**

Plaintiff filed for SSI on February 11, 2015. PageID 2446. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, fibromyalgia, degenerative join disease of the right shoulder, degenerative disc disease of the lumbar spine, chronic obstructive pulmonary disease ("COPD"), obesity, depressive disorder, and anxiety disorder with features of post-traumatic stress disorder ("PTSD"). PageID 49.

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of her application, Plaintiff received a hearing before ALJ Gregory G. Kenyon on June 6, 2017. PageID 76-108. The ALJ issued a written decision on February 28, 2018 finding Plaintiff not disabled. PageID 46-67. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[2] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 58-67.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 32-37; *see Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 46-67), Plaintiff's Statement of Errors (PageID 2246-65), the Commissioner's memorandum in opposition (PageID 2470-85), and Plaintiff's reply (PageID 2486-96). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46

---

[2] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or…sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b). Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 416.967(a).

(6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.     "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred in evaluating the medical source opinions of record. PageID 859-77. Finding error in the ALJ's weighing of the opinion of treater Ellen Ballerene, M.D., the Court does not address the ALJ's evaluation of the other medical source opinions of record,[3] and instead, directs that these issues be addressed by the ALJ on remand.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the

---

[3] Plaintiff also alleges error in the weighing of opinions offered by treater Harold Brown, M.D.; examiner Mary Ann Jones, Ph.D.; and record reviewers Bruce Goldsmith, Ph.D.; Paul Tangemen, Ph.D.; and Karla Voyten, Ph.D. The ALJ's analysis of treater Dr. Ballerene's medical opinion is dispositive of this appeal.

4

regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 416.927(c).[4]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 416.927. *Id*.

96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 416.927(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Here, treating psychiatrist Dr. Ballerene opined, on October 11, 2016, that Plaintiff has several "marked"[5] limitations in her ability to, *inter alia*, function socially; complete tasks in a timely manner; understand and remember detailed instructions; and carry out very detailed instructions. PageID 2178-79. Ultimately, Dr. Ballerene concluded Plaintiff would be absent three days a month or more as a result of her mental impairments or treatment for the same. PageID 624. Despite Dr. Ballerene's lengthy treatment relationship with Plaintiff, the ALJ gave her opinion "little weight." PageID 55. The undersigned finds that, in reaching such conclusion, the ALJ erred.

First, the ALJ concludes -- without elaboration -- Dr. Ballerene's opinion is "entirely speculative," lacks a "logical foundation in the medical record," and is "overstated." PageID 56. Without further explanation from the ALJ or any citation to the record, it is unclear why Dr. Ballerene's opinion should be dismissed as speculative, while the state agency record reviewers' opinions as to Plaintiff's functional capacities -- given without the benefit of treating or examining Plaintiff or even reviewing a complete record -- are given less scrutiny. *Saunders v. Comm'r of Soc. Sec.*, No. 3:14-cv-97, 2015 WL 6858323, at *6 (S.D. Ohio Sept. 8, 2015) (citing *Gayheart v.*

---

[5] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), "marked" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 416, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

*Comm'r of Soc. Sec.,* 710 F.3d 365, 379 (6th Cir. 2013) (finding that "[a] more rigorous scrutiny of the treating-source opinion than the nontreating and nonexamining opinions is precisely the inverse of the analysis that the regulation requires"). The ALJ's conclusion in this regard is in contravention of the regulations, and unsupported by substantial evidence.

Next, the ALJ asserts Dr. Ballerene's opinion should be given "little weight" because she assigned Plaintiff Global Assessment of Functioning ("GAF") scores of 50-53, which are "indicative of only moderate symptoms." PageID 52, 55. The ALJ's assertion in this regard is erroneous for several reasons. First, this Court has specifically found error in an ALJ's attempt to undermine the seriousness of a plaintiff's mental impairment by pointing to a GAF score of 50. *See Blankenship v. Comm'r of Soc. Sec.*, No. 3:14-cv-235, 2015 WL 6907534, at *5 (S.D. Ohio July 7, 2015) (quoting *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 527 (6th Cir. 2014) (a GAF score of 50 "is still indicative of serious functional impairment and is consistent with a finding of disability"). Second, a GAF score cannot discredit a treater's assessment of Plaintiff's limitations. *See Kenyon v. Comm'r of Soc. Sec.*, No. 3:15-cv-194, 2016 WL 3769333, at *5 (S.D. Ohio July 15, 2016). A GAF score is merely a "snapshot of a person's 'overall psychological functioning' at or near the time of evaluation[,]" and its relevance "is isolated to a relatively brief period of time[.]" *White v. Colvin*, No. 3:13-cv-171, 2014 WL 2813310, at *10 (S.D. Ohio June 23, 2014). In fact, courts have concluded that GAF scores have "little value in assessing disability." *Allen v. Comm'r of Soc. Sec.*, No. 2:09-cv-265, 2010 WL 1142031, at *10 (E.D. Va. Feb. 24, 2010) (citing *DeBoard v. Comm'r of Soc. Sec.*, 211 F. App'x. 411, 415 (6th Cir. 2006); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002)). Thus, any GAF assessment given by Dr. Ballerene would have minimal probative value in determining Plaintiff's disability or in discrediting her specific opinion about Plaintiff's limitations. *See Mosley v. Comm'r of Soc. Sec.*, No. 3:14-cv-278, 2015 WL 6857852, at *5 (S.D. Ohio Sept. 14, 2015).

Finally, to support his conclusion that Plaintiff "exhibited normal mood and affect," the ALJ cites to medical records regarding Plaintiff's treatment for, *inter alia*, an open wound, chest pain, swollen axillary lymph nodes, a urinary tract infection, back pain, and asthma. PageID 56. The ALJ fails to explain how any of these clinical findings do not support Dr. Ballerene's opinion, which appears to be supported by treatment notes indicating impaired mental status findings (including anxious mood and abnormal affect). PageID 668, 731, 818, 839, 854, 870, 2177, 2411, 2425, 2434. The ALJ's conclusion in this regard is unsupported by substantial evidence.

In light of all the foregoing, the undersigned finds the ALJ's non-disability finding unsupported by substantial evidence and meriting reversal.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

## V.

For the foregoing reasons, (1) the Commissioner's non-disability finding is found unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the

Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for further proceedings; and (3) this case is **TERMINATED** on the docket.

   **IT IS SO ORDERED**


Date:  2/24/2020                             /s/Michael J. Newman
                                             Michael J. Newman
                                             United States Magistrate Judge